UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

INTRA-LOCK INTERNATION-
AL, INC., a Florida corporation,

       Plaintiff,

v.

DENTIUM CO., LTD, a Korean
Corporation, and   DENTIUM USA,
a California Corporation,

       Defendants.

_____

## COMPLAINT AND JURY DEMAND

Plaintiff Intra-Lock International, Inc. files its Complaint against Defendants DENTIUM CO., LTD and DENTIUM USA as follows:

1. Plaintiff Intra-Lock International, Inc. (hereafter "Plaintiff" or "Intra-Lock") is a Corporation organized and existing under the laws of the State of Florida and has a place of business located 6560 W. Rogers Circle, Suite 24, Boca Raton, FL 33487.

2. Upon information and belief, Defendant DENTIUM CO., LTD (hereafter "Dentium LTD") is a corporation organized and existing under the laws of

Korea and has a place of business located at 3105 Korea Trade Tower, 159 Samsung-dong, Gangnam-gu, Seoul, Korea 135-729.

3. Upon information and belief, Defendant DENTIUM USA (hereafter "Dentium USA") (Dentium LTD and Dentium USA may collectively hereafter be referred to as "Defendants") is a corporation organized and existing under the laws of the State of California and has a principal place of business located at 6731 Katella Ave, Cypress, CA 90630.

4. This action for patent infringement arises under the Patent Laws of the United States Code, 35 U.S.C. §1 et seq., This Court has jurisdiction pursuant to 28 U.S.C. §1338(a).

5. Defendants have committed tortious acts within the State of Florida thereby submitting themselves to the jurisdiction of this court pursuant to §48.193(1)(b), Fla. Stat.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b).

7. Plaintiff is the owner of United States Patent No. 7,217,130 B2 Prosthesis Mounting Device and Assembly (hereafter "the '130 patent"), which patent was duly and legally issued on 15 May, 2007. A copy of the '130 patent is attached hereto and labeled Exhibit A.

8.     Plaintiff has placed the required statutory notice on Prosthesis Mounting Devices and Assemblies, and/or packaging associated therewith, which the Plaintiff has manufactured and sold under the '130 Patent.

9.     Defendants have infringed, are infringing, and are threatening to infringe the '130 patent by making, using, offering to sell, and selling, or importing into the United States dental prosthesis mounting devices and assemblies embodying the patented device and assembly in violation of 35 U.S.C. § 271(a); such prosthesis mounting devices and assemblies including, but not limited to: Defendant's 2.0mm thread diameter SlimLine Mini Ball Type Fixture (designated EBS 2020 06, EBS 2020 08, EBS 2020 10, EBS 2020 12, or EBS 2020 14, depending on thread length); Defendant's 2.5mm thread diameter SlimLine Mini Ball Type Fixture (designated EBS 2520 06, EBS 2520 08, EBS 2520 10, EBS 2520 12, or EBS 2520 14, depending on thread length); Defendant's 3.0mm thread diameter SlimLine Mini Ball Type Fixture (designated EBS 3020 06, EBS 3020 08, EBS 3020 10, EBS 3020 12, or EBS 3020 14, , depending on thread length); and/or Defendant's 3.5mm thread diameter SlimLine Mini Ball Type Fixture (designated EBS 3520 06, EBS 3520 08, EBS 3520 10, EBS 3520 12, or EBS 3520 14, depending on thread length); in combination with either Defendant's 15° Mini Ball Type Angled Abutment, designated Art. No. IBA153420; or Defendant's 25° Mini Ball Type Angled

Abutment, designated Art. No. IBA253420; both shown in Defendant's SlimLine Product Catalog & Manual (SPM-1201 (Rev. 1)). (Exhibit B)

10. Defendants have at least constructive notice of Plaintiff's rights in the patented mounting device and assembly by virtue of Plaintiff's marking of packaging for such mounting devices with the number of the '130 patent in accordance with 35 U.S.C. 287.

11. As a result of Defendants' conduct, Plaintiff has been seriously and irreparably damaged.

12. Upon information and belief, defendants' infringement of the '130 patent is willful.

12. Unless enjoined by this Court, Defendants will continue their infringement of the '130 patent and Plaintiff will continue to be seriously and irreparably injured.

13. Plaintiff, demands trial by jury of all issues so triable in this case.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment that Defendants have infringed United States Patent No. 7,217,130 B2;

B. Enter a preliminary and permanent injunction restraining Defendants, their officers, agents, servants, and employees, and each of them and anyone acting in concert with them, from infringing United States Patent No. 7,217,130 B2;

C.   Order Defendants to pay all damages sustained by Plaintiff resulting from Defendant's infringement of United States Patent No. 7,217,130 B2 and to compensate Plaintiff for such infringement, together with prejudgment interest thereon;

D.   Find this case to be exceptional.

E.   Increase the damage amount up to three times the amount found or assessed against Defendants.

F.   Order Defendants to pay Plaintiff's costs, expenses and attorney fees;

G.   Award other and further relief that this Court deems just and proper.

RICHARD W. HOFFMANN
ERIC T. JONES
Reising Ethington PC
201 W. Big Beaver Road
Suite 400
Troy, Michigan 48084
Telephone:  248-689-3500
Facsimile:  248-689-4071
Email:  hoffmann@reising.com
Email:  jones@reising.com
*Co-Counsel for Plaintiff*
*Intra-Lock International, Inc.*

&

JAY M. LEVY, P.A.
9150 S Dadeland Boulevard
Suite 1010
Miami, Florida 33156
Telephone:  305-670-8100
Facsimile:  305-670-4827

Email: jay@jaylevylaw.com
*Local Counsel for Plaintiff*
*Intra-Lock International, Inc.*

by_____/s/_____
    JAY M. LEVY
    Fla. Bar No. 219754